UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | |
|---|---|
| MARTIN AKEEM DANIEL, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 1:15CV60 ACL |
| SCOTT COUNTY JAIL, et al., | ) ) ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court on plaintiff's amended complaint under 42 U.S.C. § 1983. He alleges that several officers at the Scott County Jail failed to protect him from assault by other inmates. The allegations fail to state a claim upon which relief can be granted. As a result, the case is dismissed without further proceedings.

Under 28 U.S.C. § 1915A, the Court is required to dismiss a prisoner complaint filed in forma pauperis if it is frivolous, malicious, or fails to state a claim upon which relief can be granted. To state a claim for relief under § 1983, a complaint must plead more than "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009). A plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct."

Plaintiff alleges that he was placed in a pod where attacks by other inmates was frequent. He filed several grievances requesting to be moved to a different pod. Eventually, he was attacked, and he claims that defendants Kendal Unknown and Kaley Unknown watched him being attacked for about five minutes before they intervened. He also claims that defendants

Tina Unknown, Nate Unknown, Zack Unknown, Christina Unknown, Scott Unknown, James Unknown, Sam Unknown, Trey Unknown, Ciara Unknown, Amy Unknown, John Unknown, and Sheriff Rick Walter knew about the previous attacks and failed to do anything to protect him. Plaintiff sues defendants in their official capacities only.

Plaintiff did not name Scott County Jail as a defendant in his amended complaint. Therefore, the Jail is dismissed.

The Court previously advised plaintiff that suing defendants in their official capacities is the equivalent of naming the government entity that employs the official. See Will v. Michigan Dep't of State Police, 491 U.S. 58, 71 (1989). The Court warned plaintiff that his complaint failed to state a claim because he did not allege that a policy or custom of a government entity was responsible for the alleged constitutional violations. See Monell v. Dep't of Social Services, 436 U.S. 658, 690-91 (1978). The Court instructed plaintiff to file an amended complaint, and the Court told plaintiff how to sue defendants in their individual capacities. In his amended complaint, plaintiff says that he is suing defendants in their official capacities only. And he does not state that a custom or policy of a government entity led to the alleged violations of his rights. As a result, the amended complaint fails to state a claim upon which relief can be granted.

Accordingly,

**IT IS HEREBY ORDERED** that this action is **DISMISSED** without prejudice.

An Order of Dismissal will be filed separately.

Dated this 7th day of May, 2015.

                                                        /s/ Audrey G. Fleissig
AUDREY G. FLEISSIG
UNITED STATES DISTRICT JUDGE